United States District Court
Southern District of Texas
**ENTERED**
September 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-16-MJ-110 |
| | § | |
| DIMAS TERRONES MONSIVAIZ | § | |

## ORDER OF DETENTION

On September 26, 2016, the Court conducted a combined Preliminary and Detention Hearing in the above-styled and numbered cause; the Government moved for the detention of the Defendant, **Dimas Terrones Monsivaiz**. The Government offered the testimony of F.B.I Agent Richard Rennison; **Monsivaiz** offered no evidence. The Court also made the Pretrial Services report, which recommended detention, a part of the record. Having now considered all of the evidence the Court issues the following findings of fact and conclusions of law.

The Court **FINDS** that there is probable cause to believe that **Monsivaiz** committed the offense of production of child pornography in violation of 18 U.S.C. § 2251(a) and (c).

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. §3142(f), that the following facts are established by clear and convincing evidence and require the detention of the **Dimas Terrones Monsivaiz** pending trial in this case:

1. That by virtue of the probable cause finding a rebuttable presumption was created in favor of **Monsivaiz's** detention, 18 U.S.C. §3142(e)(3)(E);

2. that the strength of the Government's case is substantial given, *inter alia*, the discovery on **Monsivaiz**'s seized cell phone of a five minute video admittedly made by **Monsivaiz** of a sexual encounter between him and his sister's daughter, who is about eight years of age, a child whom **Monsivaiz** admitted sexually abusing on about ten prior occasions which video **Monsivaiz** made for the purpose of marketing for profit on the internet;

3. that **Monsivaiz** did not offer any evidence to rebut the presumption created by 18 U.S.C. §3142(e)(3)(E);

4. that by virtue of the foregoing findings **Monsivaiz** would constitute a danger to the community if released; and

6. that the credible evidence and information submitted establishes by clear and5 convincing evidence that there is no condition or combination of conditions which could be imposed upon **Monsivaiz** by this Court to reasonably assure his appearance as required and the safety of any other person and the community if he were released.

It is, therefore, **ORDERED** that **Dimas Terrones Monsivaiz** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Dimas Terrones Monsivaiz SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Dimas Terrones Monsivaiz** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this ___26th___ day of September, 2016.

_____
John R. Froeschner
United States Magistrate Judge